UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ORKIDEH DAROODI, et al., Plaintiffs, v. BARRY D. KITAEN, et al., Defendants. | Case No.: 23-cv-01490-RBM-JLB  **ORDER DENYING PLAINTIFFS' EX PARTE MOTION TO COMPEL DEFENDANTS TO PARTICIPATE IN RULE 26 CONFERENCE**  **[ECF No. 7]** |
|---|---|

Before the Court is Plaintiffs' *ex parte* motion to compel Defendants to participate in a Rule 26(f) conference. For the reasons stated below, the Plaintiffs' motion (ECF No. 7) is **DENIED without prejudice**.

**I.   BACKGROUND**

On August 14, 2023, Plaintiffs Orkideh Daroodi, Ali Shahrokhi for minor child B.E.S., and Parvin Afsharpour (collectively, "Plaintiffs") filed a complaint against Defendants Barry D. Kitaen and the Barry David Kitaen and Mona Shahroki 2000 Trust (collectively, "Defendants"), alleging myriad state law claims. (ECF No. 1.) On September 8, 2023, Defendants filed a motion to dismiss for lack of subject matter jurisdiction. (ECF No. 3.) On September 12, 2023, Plaintiffs filed a first amended complaint alleging an additional cause of action and removing Parvin Afsharpour as a

plaintiff.  (ECF No. 6.)  That same day, Plaintiffs filed the instant *ex parte* motion to compel.  (ECF No. 7.)

## II.    LEGAL STANDARD

Under Rule 26 of the Federal Rules of Civil Procedure[1], "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1).  Under Rule 16, the court "must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."  Fed. R. Civ. P. 16(b)(2).

However, in this district, "[t]he timing of the Federal Rule 16(b) scheduling order is adjusted to accommodate the Early Neutral Evaluation Conference, as allowed under Fed. R. Civ P. 1."  CivLR 16.1(a)(1); *see also* Fed. R. Civ. P. 1 ("The[se] [rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").  Specifically, the assigned judge must hold a case management conference ("CMC") within thirty days of an early neutral evaluation conference[2] ("ENE") but the CMC may be held at the conclusion of the ENE.  CivLR 16.1(c)(2)(b).  It is only following the CMC that the judge must issue a scheduling order.  CivLR 16.1(d)(2).

The Local Civil Rules also allow parties to seek an ENE, CMC, or discovery prior to the filing of an answer.  CivLR 16(c)(1).  "Upon receiving such request, the judge will examine the circumstances of the case and the reasons for the request and determine

---

[1]    All references to Rule or Rules are to the Federal Rules of Civil Procedure unless otherwise stated.

[2]    The ENE itself must be held within 45 days of the filing of an answer.  CivLR 16.1(c)(1).

whether any such conference would assist in the reduction of expense and delay in the case." *Id.* "The judge will hold such conferences as he or she deems appropriate." *Id.*

### III   ANALYSIS

Plaintiffs argue that the Court should compel Defendants' participation in a Rule 26(f) conference because the Rules require the Court to issue a schedule no later than November 20, 2023—90 days after service of the complaint—and the parties to participate in the Rule 26(f) conference no later than October 31, 2023—21 days prior to the November 20, 2023, deadline.[3]  (ECF No. 7 at 5–6.)  Plaintiffs allege they contacted Defendants' counsel twice to set up a Rule 26(f) conference, but Defendants' counsel never responded.  (*Id.* at 3.)  Plaintiffs note that Defendants' refusal to engage in a Rule 26(f) conference has "improperly imposed a stay on this litigation and precluded Plaintiffs from moving forward with discovery and the prosecution of this matter . . . ."  (*Id.* at 5.)

Although not a motion seeking expedited discovery pursuant to Rule 26(d)[4], Plaintiffs' instant motion seeks to compel Defendants' participation in a Rule 26(f) conference, so that ostensibly Plaintiffs may then seek to require Defendants to make initial disclosures pursuant to Rule 26(a)[5].  Thus, Plaintiffs would be able to obtain discovery in

---

[3]   The Court notes that November 20, 2023, is 90 days from service of the complaint, which occurred on August 22, 2023.  (*See* ECF No. 4.)  However, 21 days prior would be October 30, 2023.

[4]   "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

[5]   In general, "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C).  Requests to conduct discovery prior to a Rule 26(f) conference are granted upon a showing of good cause by the moving party, which may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002).

advance of the pleadings being settled without having to show good cause as required under Rule 26(d).

Beyond citing the Rules, Plaintiffs do not identify any circumstances in this case that warrant holding the CMC or otherwise ordering Defendants to participate in the Rule 26(f) conference earlier than is contemplated by the Local Civil Rules.  Contrary to Plaintiffs' assertions, such an order would not reduce the expense or delay in the case.  In fact, until the pending motion to dismiss is resolved, the Court's subject matter jurisdiction over this case remains undetermined.

## IV. CONCLUSION

For the reasons set forth above, the Plaintiffs' motion (ECF No. 7) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated:  September 15, 2023

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge