UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORKIDEH DAROODI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BARRY D. KITAEN, et al., <br><br> Defendants. | Case No.: 23-cv-1490-RBM-JLB <br><br> **ORDER:** <br><br> **(1) DENYING MOTION TO DISMISS AS MOOT** <br> **(2) DENYING MOTION FOR LEAVE TO FILE ELECTRONICALLY** <br> **(3) ORDERING PLAINTIFFS TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> **[Docs. 3, 5]** |

Pending before the Court is a Motion to Dismiss filed by Defendants Barry David Kitaen, as an individual, and Barry David Kitaen, as Trustee of the Mona Shahrokhi 2000 Trust ("Defendants"). (Doc. 3.) Defendants move to dismiss the initial Complaint filed by pro se Plaintiffs Orkideh Daroodi, Parvin Afsharpour, and Ali Shahrokhi (Doc. 1). Plaintiff Shahrokhi has also filed a Motion for Pro Se Plaintiff to File Electronically ("Motion to File Electronically"). (Doc. 5.)

1

23-cv-1490-RBM-JLB

For the reasons set forth below, the Defendants' Motion to Dismiss is **DENIED as moot** based on Plaintiffs' timely filing of a First Amended Complaint ("FAC") (Doc. 6). However, Plaintiffs are **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction. The Court also **DENIES without prejudice** Shahrokhi's Motion for Leave to File Electronically.

## I.     BACKGROUND

### A.     Initial Complaint

On August 14, 2023, Plaintiffs Daroodi, Afsharpour, and Shahrokhi filed a verified Complaint asserting seven state law claims against Defendants. (Doc. 1 at 11–23.[1]) The Complaint states the Court has subject matter jurisdiction based on diversity. (*Id.* at 1, 2–3.)

The Complaint alleges Plaintiff Daroodi "is a citizen of the United States … currently residing in Tehran, Iran [and] travels to the United States at least annually." (*Id.* at 3.) Plaintiff Afsharpour is alleged to be "a resident of the city of Los Angeles, California." (*Id.*) Plaintiff Shahrokhi is alleged to be "a resident of both the city of Los Angeles, California, and Portland, Oregon." (*Id.* at 3–4.) Plaintiff Shahrokhi is also alleged to be "acting as a natural parent and legal guardian to represent the interests of his son, a minor, referred to as B.E.S., who has been named as one of the beneficiaries of the TRUST." (*Id.* at 4.) Defendant Kitaen is alleged to be a resident of San Diego, California. (*Id.* at 4.)

### B.     Motion to Dismiss

On September 8, 2023, Defendants filed a Motion to Dismiss based on lack of subject matter jurisdiction. (Doc. 3.) Defendants argue diversity jurisdiction is lacking because Defendant Kitaen and Plaintiff Afsharpour are both alleged to reside in California. (*Id.* at 2–3.)

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

2

23-cv-1490-RBM-JLB

**C.      First Amended Complaint**

On September 12, 2024, Plaintiffs Daroodi and Shahrokhi filed the FAC pursuant to Federal Rule of Civil Procedure 15(a)(1).  (Doc. 6.)  The FAC, like the initial Complaint, asserts only state law claims, although the FAC adds one additional state law claim.  (*Id.* at 11–28.)

Some of the allegations regarding where the Plaintiffs reside have changed in the verified FAC.  (*Id.* a 3–4.)  Plaintiff Afsharpour, previously alleged to be a resident of Los Angeles, California in the initial Complaint (Doc. 1 at 3), is no longer named as a Plaintiff in the FAC.  (*See* Doc. 6 at 3 (listing only Daroodi and Shahrokhi as Plaintiffs).)[2]  The allegations as to Plaintiff Shahrokhi have changed slightly.  The FAC no longer alleges Plaintiff Shahrokhi is a resident of both Los Angeles, California and Portland, Oregon.  The FAC alleges only that Plaintiff Shahrokhi "is acting as a natural father (parent) to represent the interests of his son, a minor, referred to as B.E.S., who resides in Oregon and has been named as one of the beneficiaries of the TRUST and a[n] heir to Mona Shahrokhi."  (*Id.* at 3.)  Additionally, the Court notes that the address listed for Plaintiff Shahrokhi on the FAC and Motion to File Electronically is in Las Vegas, Nevada.

Like the initial Complaint, the FAC continues to allege Plaintiff Daroodi "is a citizen of the United States … currently residing in Tehran, Iran [and] travels to the United States at least annually."  (*Id.* at 3.)  As in the initial Complaint, Defendant Kitaen is still alleged to be a resident of San Diego, California.  (*Id.*)

**II.      DISCUSSION**

**A.      Motion to Dismiss**

Plaintiffs' FAC was timely filed as a matter of right under Federal Rule of Civil Procedure 15(a)(1).  Rule 15(a)(1) addresses amending as a matter of course and states that: "[a] party may amend its pleading once as a matter of course no later than: 21 days

---

[2] Plaintiffs indicate that "[f]or the sake of maintaining diversity jurisdiction, the plaintiffs have removed … Afsharpour from their" FAC.  (Doc. 9 at 3.)

after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Plaintiffs' FAC, filed on September 12, 2023, was filed within 21 days of Defendants' Motion to Dismiss.  Because the timely filed FAC is now the operative pleading, Defendants' Motion to Dismiss the initial Complaint is moot.[3]  Accordingly, Defendants' Motion to Dismiss (Doc. 3) is **<u>DENIED</u> as moot**.

**B.      Order to Show Cause**

**1.       Subject Matter Jurisdiction**

"Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'"  *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)).  Even when no party raises the issue, federal courts are "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction."  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

The party or parties asserting jurisdiction, here Plaintiffs, bear the burden of establishing that subject matter jurisdiction exists.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "This burden, at the pleading stage, must be met by

---

[3] Although the Court finds Plaintiffs' FAC was timely filed, Defendants are not required to file a response to the FAC until the Court discharges the Order to Show Cause, discussed below.  The Court will set a deadline for Defendants to respond to the FAC if the Court concludes subject matter jurisdiction is not lacking.

23-cv-1490-RBM-JLB

pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action." *Duell Fam. Tr. v. Ford*, No. 24-CV-316 JLS (VET), 2024 WL 1318878, at *3 (S.D. Cal. Mar. 27, 2024) (citing *Wilkerson v. Butler*, 229 F.R.D. 166, 169 (E.D. Cal. 2005)).

Here, Plaintiffs assert diversity jurisdiction. (Doc. 6 at 2.) Pursuant to 28 U.S.C. §1332(a), federal courts have diversity jurisdiction when there is diversity of citizenship among the parties and when the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a); *see, e.g.*, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). To establish diversity jurisdiction, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Caterpillar Inc.*, 519 U.S. at 68. "[J]urisdiction of the court depends upon the state of things at the time … the action [is] brought." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570–71 (2004) (The time-of-filing rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.") (citations omitted).

Citizenship for a natural person, for purposes of § 1332, is "determined by [their] state of domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is [their] permanent home, where [they] reside[] with the intention to remain or to which [they] intend[] to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). "Residence and citizenship are not the same thing." *Mantin v. Broadcast Music, Inc.*, 244 F.2d 204, 206 (9th Cir. 1957). However, "[a]t a minimum, a person's residence constitutes some evidence of domicile." *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1222 (9th Cir. 2020) (citing *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013)). "A person generally assumes the domicile of [their] parents, and … may have only one domicile at a time." *Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004) (citing *Lew*, 797 F.2d at 750–51).

When a party "is 'a United States citizen, but has no domicile in any State,' [they are] 'stateless for purposes of § 1332(a)(3).'" *La. Mun. Police Emps. Ret. Sys. v. Wynn*,

23-cv-1490-RBM-JLB

829 F.3d 1048, 1056 (9th Cir. 2016) (quoting *Newman-Green Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)).  This "stateless status" destroys diversity.  *Id.*; *see also Cresswell v. Sullivan & Cromwell*, 992 F.2d 60, 68 (2nd Cir. 1990) ("United States citizens who are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, and § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties.").

### 2.   Analysis

Based on the allegations of the verified FAC (Doc. 6), the Court has doubt "as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ.*, 429 U.S. at 278 (explaining that federal courts are "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction.").  Plaintiff Daroodi has stated that at the time he filed two verified complaints (Doc. 1 at 3; Doc. 6 at 3), he was a United States citizen living abroad.  *La. Mun. Police Emps. Ret. Sys.*, 829 F.3d at 1056 (explaining this "stateless status" destroys diversity) (citations and quotations omitted).

Additionally, the citizenship of the minor and Shahrokhi, as well as whose citizenship Plaintiffs are attempting to rely on is unclear from the allegations of the FAC. The FAC identifies Shahrokhi as the Plaintiff but does not allege his citizenship for purposes of diversity jurisdiction (Doc. 6 at 3) as Plaintiffs did in the initial Complaint (Doc. 1 at 3–4).  The initial Complaint alleged Shahrokhi "is a resident of both the city of Los Angeles, California, and Portland, Oregon." (Doc. 1 at 3–4.)  Whereas the FAC alleges Shahrokhi is representing his minor son, B.E.S., who "resides in Oregon."  (Doc. 6 at 3.) Given these two issues, the Court doubts the existence of federal jurisdiction based on diversity.

Accordingly, the Court **ORDERS** Plaintiffs **TO SHOW CAUSE** on or before **August 23, 2024** why this case should not be dismissed without prejudice for lack of subject matter jurisdiction.  Plaintiffs' response may not exceed ten (10) pages.  If Plaintiff elects to voluntarily dismiss this case, no response is required.  If no response is filed by **August 23, 2024**, this action will be dismissed without prejudice pursuant to Federal Rule

6

of Civil Procedure 12(h)(3).  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendants may respond to Plaintiffs' response to the OSC by **August 30, 2024**.  It may not exceed ten (10) pages.

### C.    Leave to File Electronically

Plaintiff Shahrokhi[4] has filed a Motion for Pro Se Plaintiff to File Electronically. (Doc. 5.)  "Unless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office by parties appearing without an attorney must be in legible, paper form." *See* Electronic Case Filing Admin. Policies and Procedures Manual, § 2(b) ("ECF Manual").  "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual."  *Id*.  The ECF Manual refers to the Court's official website for CM/ECF technical specifications, *id*. at § 1(i), which include a "[c]omputer running Windows or Macintosh;" "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as "Adobe Acrobat 7.0 and higher;" "[i]nternet access supporting a transfer rate of 56kb or higher;" a compatible browser, such as "Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later version;" a "[s]canner to image non-computerized documents 400 pixels per inch (ppi);" and a PACER account.  *See* U.S. District Court, S.D. Cal., CM/ECF: General Info, https://www.casd.uscourts.gov/cmecf.aspx#undefined1 (last visited July 30, 2024).

Plaintiff's Motion "asserts his capability and willingness to undergo the necessary CM/ECF tutorial" but does not indicate his willingness to follow the rules and policies  in the ECF Manual.  Plaintiff's Motion also does not state whether he has: (1) a computer running Windows or Macintosh; (2) software to convert documents from a word processor

---

[4] The Motion lists Plaintiffs Daroodi and Shahrokhi on the caption page, but it is signed only by Plaintiff Shahrokhi.

23-cv-1490-RBM-JLB

format to PDF such as Adobe Acrobat 7.0 and higher; (3) internet access supporting a transfer rate of 56kb or higher; (4) a compatible browser such as Firefox 15, Internet Explorer 9, or Safari 5.1/6 or a later version; and (5) a scanner that can image non-computerized documents at 400 ppi. *See* ECF Manual § 1(i); U.S. District Court, S.D. Cal., CM/ECF: General Info, https://www.casd.uscourts.gov/cmecf.aspx#undefined1 (last visited July 30, 2024).

Accordingly, Plaintiff's Motion (Doc. 5) is **<u>DENIED</u> without prejudice**. Plaintiff may file an amended motion that includes a declaration addressing the deficiencies identified above and affirming that Plaintiff can and will follow all rules and policies in the ECF Manual.

### III.   CONCLUSION

Defendant's Motion to Dismiss (Doc. 3) is **<u>DENIED</u> as moot**. Plaintiff's Motion to File Electronically (Doc. 5) is **<u>DENIED</u> without prejudice**.

Plaintiffs are **ORDERED TO SHOW CAUSE** on or before **August 23, 2024** why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiffs' response may not exceed ten (10) pages. If no response is filed by **August 23, 2024**, this action will be dismissed without prejudice. Defendants may respond to Plaintiffs' response to the OSC by **August 30, 2024**. It may not exceed ten (10) pages.

Defendants are not required to file a response to the FAC until the Court discharges the Order to Show Cause. The Court will set a deadline for Defendants to respond to the FAC if the Court concludes subject matter jurisdiction is not lacking.

**IT IS SO ORDERED.**

Dated: August 5, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

23-cv-1490-RBM-JLB